**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**

JOHN BAKER, individually and on behalf of )
all others similarly situated,                            )
                                                                        )
                        Plaintiff,                              )        Case No.
                                                                        )
        v.                                                          )
                                                                        )        **JURY TRIAL DEMANDED**
CERTIFIED    PAYMENT    PROCESSING )
L.P.,                                                               )
                                                                        )
                        Defendant.                           )

**CLASS ACTION COMPLAINT**

Plaintiff John Baker ("Plaintiff") brings this Class Action Complaint against Defendant

Certified Payment Processing, L.P. ("CPP"), on behalf of himself and all others similarly

situated, and complains and alleges upon personal knowledge as to himself and his own acts and

experiences, and, as to all other matters, upon information and belief, including investigation

conducted by his attorneys.

## I.    NATURE OF THE ACTION

1.       CPP is a payment processing services company that, in an attempt to drum up

business, harasses individuals and businesses with repeated telephone calls – and even in-person

visits – promoting its products and services and soliciting sales without prior express written

consent, continuing to do so after the called individual has asked them to stop, in many instances

a number of times.   CPP conducts its business operations, in part, through the website

"www.cpp-360.com."  *See* **Exhibit A**.  CPP's rating with the Better Business Bureau is an "F"

based on hundreds of consumer complaints.[1]

---

[1] *See* http://www.bbb.org/dallas/business-reviews/credit-card-processing-service/certified-
payment-processing-lp-in-carrollton-tx-90016633 (last visited December 28, 2015).

2.      In an effort to market its products and services, CPP placed (or directed to be placed on its behalf) unsolicited, unauthorized calls to the telephones of Plaintiff and each of the members of the Class without prior express written consent in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").

3.      Neither Plaintiff nor the other Class members ever desired, permitted, authorized, or consented in writing – as is required under the TCPA – to allow CPP to place calls to their telephones.  In fact, at all relevant times, Plaintiff's and the Class members' telephone numbers were registered with the National Do Not Call Registry (the "DNC List").

4.      By placing such unauthorized calls, CPP caused Plaintiff and each of the Class members actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of numerous unsolicited calls, and the monies paid to their telephone carriers for the receipt of such messages.

5.      In order to redress these injuries, Plaintiff seeks an injunction requiring CPP to cease all unsolicited telemarketing calling activities and an award of statutory damages to the Class members under the TCPA, together with costs and reasonable attorneys' fees.

## II.      <u>JURISDICTION AND VENUE</u>

6.      This Court has original jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 because they arise under the laws of the United States and further, under 28 U.S.C. § 1332(d), because (a) at least one member of the putative class is a citizen of a state different from CPP, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

7.      This Court has personal jurisdiction over CPP under the Illinois long-arm statute, 735 ILCS 5/2-209, because CPP engaged in solicitation or service activities within the State of

Illinois. This Court also has personal jurisdiction over CPP because a substantial a portion of the wrongdoing alleged in this Complaint took place in and/or was directed toward this State. CPP, by sending mass text messages into this State soliciting business, has sufficient contacts in this State to render the exercise of jurisdiction by this Court permissible.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this District.

### III.   PARTIES

*Plaintiff*

9.      Plaintiff John Baker is an individual domiciled in Sangamon County, Illinois. For purposes of 28 U.S.C. § 1332, Plaintiff is a citizen of the State of Illinois.

*Defendant*

10.      Defendant CPP is a limited partnership organized in and existing under the laws of the State of Texas with its principal place of business located at 3350 Boyington Drive, Suite 110, Carrollton, TX 75006.  For purposes of 28 U.S.C. § 1332, CPP is a citizen of the State of Texas.

### IV.   FACTUAL BACKGROUND

11.      In recent years, companies looking to solicit new customers have employed advanced technologies making it easier to market their products and services. According to a recent report examining class actions under the TCPA in the Northern District of Illinois:

> *Autodialers (also known as robocalls) automatically deliver a prerecorded message to a list of telephone numbers, and thus remove the need for human representatives*. These predictive dialers were developed to find better pacing (scheduling of dialing attempts) by collecting and analyzing data on the proportion of call attempts that are answered, durations of time from call initiation to answer, and durations of service. The technology was designed to minimize both the time that telemarketers must spend waiting between conversations and

amount of abandoned calls experienced by consumers.[2]

12.     As part of just such an advertising campaign, CPP has placed and continues to place unsolicited calls to Plaintiff's and the Class members' telephones without prior express written consent and in violation of the DNC List.

13.     Plaintiff has been a subscriber of the telephone number ending in 8391 since at least 2007 and registered that number on the DNC List on October 23, 2007.

14.     From June 2015 to the date of this filing, CPP placed approximately ***100*** phone calls to Plaintiff's telephone number in an attempt to market and promote its payment processing products and services.

15.     For example, from late August 2015 to late September 2015 alone, Plaintiff received ***twenty six*** (26) unsolicited calls from CPP.

16.     For each of these twenty six calls, Plaintiff's caller ID displayed the calling number as "(972) 301-3798" in Richardson, Texas, and the calling party as "CPP."  The calls occurred on the following dates and times:

- August 28, 2015 at 8:52 a.m. CDT

- August 31, 2015 at 9:48 a.m. CDT

- September 1, 2015 at 10:59 a.m. CDT

- September 1, 2015 at 12:47 p.m. CDT

- September 2, 2015 at 9:11 a.m. CDT

- September 3, 2015 at 10:10 a.m. CDT

---

[2] Institute for Consumer Antitrust Studies, Loyola University Chicago School of Law, THE TELEPHONE CONSUMER PROTECTION ACT OF 1991: ADAPTING CONSUMER PROTECTION TO CHANGING TECHNOLOGY 7 (Fall 2013) (emphasis added). The report "was made possible through a cy pres distribution from a class action involving the TCPA in the Northern District of Illinois under the supervision of Senior Judge William Hart and Magistrate Judge Morton Denlow." *Id.* at 2.

- September 3, 2015 at 10:10 a.m. CDT[3]

- September 3, 2015 at 11:24 a.m. CDT

- September 4, 2015 at 11:08 a.m. CDT

- September 4, 2015 at 2:05 p.m. CDT

- September 8, 2015 at 1:51 p.m. CDT

- September 8, 2015 at 2:53 p.m. CDT

- September 9, 2015 at 1:14 p.m. CDT

- September 10 at 11:32 a.m. CDT

- September 11, 2015 at 12:16 p.m. CDT

- September 11, 2015 at 12:16 p.m. CDT

- September 15, 2015 at 1:03 p.m. CDT

- September 16, 2015 at 1:36 p.m. CDT

- September 16, 2015 at 3:24 p.m. CDT

- September 18, 2015 at 2:51 p.m. CDT

- September 23, 2015 at 9:40 a.m. CDT

- September 23, 2015 at 12:19 p.m. CDT

- September 24, 2015 at 11:30 a.m. CDT

- September 24, 2015 at 1:30 p.m. CDT

- September 24, 2015 at 2:33 p.m. CDT

- September 24, 2015 at 4:05 p.m. CDT

---

[3] Calls in this list identified as being placed on the same date at the same time reflect two successive and independent calls placed within one minute of one another.

17.     At the time he received each and every one of these calls from CPP, from June 2015 through September 2015, Plaintiff's telephone number ending in 8391 has been registered with the DNC List.

18.     Then, on or about September 25, 2015, a representative from CPP physically came to Plaintiff's home in an attempt to convince Plaintiff to purchase CPP's products and services.  Plaintiff instructed the representative to leave.

***Other Consumer Complaints Regarding CPP's Unauthorized Telemarketing Practices***

19.     Numerous consumers are complaining about receiving the same or substantially similar calls from CPP from the same (972) 301-3798 number (and others).  Below is just a small sampling of consumer complaints (all *sic*)

> 972-301-3798 -aka- 888-415-0004 -aka- 817-317-7392 just called our business for the 6th time (Six Times!) in two days asking for the previous owner by name. They have been told repeatedly that the previous owner is not here, nor has he ever been involved with the company name that they are asking for. Our secretary, as well as myself (the Owner) have informed them that we are NOT interested in their services, and yet they keep calling. Caller ID shows up as CPP. Company is called Certified Payment Processing.[4]

> ID = CPP. Didn't answer and noise in background on answer. I blocked. I block 30 + of these calls per month![5]

> They have called 8 times today.  I consider that harassment.  No one there when I answer.  Won't leave msg.[6]

> 1st call: Asked to talk to the owner or co-owner. Went into her talk about processing systems and hung up on me half way through the first sentence. I thought that was my job.
> 2nd call: Hang up when someone answered
> 3rd call: Hang up when someone answered[7]

---

[4] http://800notes.com/Phone.aspx/1-972-301-3798, posted by "Not Important" on July 8, 2015 (last visited December 28, 2015).
[5] *Id.*, posted by "DPW" on July 7, 2015.
[6] *Id.*, posted by "BRob" on July 6, 2015.
[7] *Id.*, posted by "Michael J." on July 8, 2015.

CPP calls my number at least once per day. I answer every time and politely ask them to remove me from their call list, as I have no affiliation with their interests. They continue to call from various (301) area code phone numbers. Call operators are often rude or simply hang up mid-call.[8]

Darn it! I filed a complaint with the FTC against this CPP place in February. They were calling me from the number 972-428-5200. When I filed the complaint, I had accidentally erased all of the previous calls off from my caller ID and hadn't gotten a chance to count them, but I did have the count of 36 calls on 2/20 and 14 calls on 2/23! They called me 36 times in one day!!! This is when I found out about *78 from my phone company, Century Link, to block a certain number of calls, I think it's 25. Anyway, that was short lived, now they started calling me from this number on July 6th! [***]!!! I think I will be making another call to the FTC.[9]

Called at exactly 8:05 am and asked for my wife. We were both in bed asleep. I told them it was only 8 here and the male voice said its 9 here in Texas and we can call you. Started into some sales pitch for I don't know what, finally figured it out, credit card processing. They called for a business that I only hold real estate with, that I am closing, and also I am retired. Total pains in the rear. I don't usually answer long distance calls that early, but thought it might be a family emergency.[10]

Keep calling and asking for "the owner" but not by name. Even though I am the owner, I say he is not available, but can I help them with something. "No, we need to speak to the owner. We'll try back." I've blocked their number.[11]

Answered phone and the person on the other line hung up on me, they called back 15 min later I just did not answer the phone. I have a business to run I can not keep answering these types of calls[12]

---

[8] *Id.*, posted by "Tom Walker" on July 9, 2015.

[9] *Id.*, posted by "Rosa B" on July 10, 2015.

[10] *Id.*, posted by "scott" on July 17, 2015.

[11] http://www.ruscammer.com/9723013798/index.html, posted by "GDM" on August 13, 2015 (last visited December 28, 2015).

[12] https://www.everycaller.com/phone-number/1-972-301-3798/, posted by "Anonymous" on August 19, 2015 (last visited December 28, 2015).

20.     Indeed, one person claiming to be a former CPP employee asserts that "you sit for majority of the day in front of your monitor and *take outbound calls*"[13] (emphasis added). Another employee confirms that "the majority o[f] prospects were acquired through cold calling or cold visits."[14]  And yet another employee states:

> typical call center job, clock in have a brief meeting, then straight to the phones. I gather information on the different ways business's received there payments (since we were a merchant company), on the other hand the values of the company from the corporate to the co-workers the integrity was highly unprofessional. *The hardest part of my job was the continuous calling of the same business's even if they requested to be on the 'Do not call' list. Yet they'd come up within the next hour.*[15]

21.     Therefore, on information and belief, CPP has made and continues to make phone calls to Plaintiff's and the Class members' telephones without prior express consent as part of its advertising campaign.

22.     CPP made, or had made on its behalf, the same or substantially the same calls *en masse* to thousands of telephone numbers registered with the DNC List.

23.     CPP made these calls to Plaintiff and the Class for telemarketing purposes; namely, in an attempt to sell its payment processing products and services.

24.     At all relevant times, Plaintiff's and the Class members' numbers were registered on the National Do Not Call Registry.

---

[13] http://www.indeed.com/cmp/Certified-Payment-Processing/reviews?fcountry=US (last visited December 28, 2015).

[14] http://www.indeed.com/cmp/Certified-Payment-Processing/reviews?fcountry=US&start=40 (last visited December 28, 2015).

[15] *Id.*

## CLASS ALLEGATIONS

25.     Plaintiff brings this action, as set forth below, on behalf of himself and as a class

action pursuant  to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil

Procedure on behalf of a class (the "Class") defined as:

> All individuals and entities in the United States who, within a 12-month period, received two or more telemarketing phone calls from or on behalf of Defendant Certified Payment Processing, L.P. soliciting its products and services at a time when the called number was registered on the National Do Not Call Registry. Excluded from the Class are Defendant and its subsidiaries and affiliates; all persons who make a timely election to be excluded from the Class; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.

26.     Certification of Plaintiff's claims for class-wide treatment is appropriate because

Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as

would be used to prove those elements in individual actions alleging the same claims.

27.     **Numerosity – Federal Rule of Civil Procedure 23(a)(1).**  The members of the

Class are so numerous that individual joinder of all Class members is impracticable.   On

information and belief, there are thousands of consumers who have been damaged by CPP's

wrongful conduct as alleged herein.  The precise number of Class members and their addresses is

presently unknown to Plaintiff, but may be ascertained from CPP's books and records.  Class

members may be notified of the pendency of this action by recognized, Court-approved notice

dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or

published notice.

28.     **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2)

and 23(b)(3).**  This action involves common questions of law and fact, which predominate over

any questions affecting individual Class members, including, without limitation:

a.      whether CPP's conduct constitutes a violation of the TCPA and its implementing regulation;

b.      whether the calls CPP placed to Plaintiff and the Class were made for telemarketing purposes;

c.      whether Plaintiff and the Class are entitled to actual, statutory, or other forms of damages, and other monetary relief and, in what amount(s);

d.      whether Plaintiff and the Class are entitled to treble damages based on the willfulness of CPP's conduct; and

e.      whether Plaintiff and the Class are entitled to equitable relief, including but not limited to injunctive relief and restitution.

29.      **Typicality – Federal Rule of Civil Procedure 23(a)(3).**  Plaintiff's claim is typical of the other Class members' claims because, among other things, all Class members were comparably injured through the uniform prohibited conduct described above.

30.      **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the other Class members he seeks to represent; he has retained counsel competent and experienced in complex commercial and class action litigation; and Plaintiff intends to prosecute this action vigorously.   The interests of the Class members will be fairly and adequately protected by the Plaintiff and his counsel.

31.      **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** CPP has acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class as a whole.

32.      **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action.

The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against CPP, so it would be impracticable for Class members to individually seek redress for CPP's wrongful conduct.  Even if Class members could afford individual litigation, the court system could not.  Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system.  By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

### V.    CLAIM ALLEGED

### COUNT I
**Violation of the TCPA, 47 U.S.C. § 227**
**(On behalf of the Class)**

33.    Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

34.    Pursuant to 47 U.S.C. § 227(c)(1), "[w]ithin 120 days after December 20, 1991, the Commission shall initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object."  Furthermore, "[n]ot later than 9 months after December 20, 1991, the Commission shall conclude the rulemaking proceeding initiated under paragraph (1) and shall prescribe regulations to implement methods and procedures for protecting the privacy rights described in such paragraph in an efficient, effective, and economic manner and without the imposition of any additional charge to telephone subscribers."  47 U.S.C. § 227(c)(2).  "The regulations required by paragraph (2) may require the establishment and operation of a single national database to

compile a list of telephone numbers of residential subscribers who object to receiving telephone solicitations, and to make that compiled list and parts thereof available for purchase."  47 U.S.C. § 227(c)(3).

35.     The Commission did in fact implement such regulations establishing the DNC List.  *See* 47 C.F.R. § 64.1200.

36.     Under 47 C.F.R. § 64.1200(c)(2), "[n]o person or entity shall initiate any telephone solicitation to . . . [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government [*i.e.*, the DNC List]. Such do-not-call registrations must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator."

37.     Upon information and belief, and based on the approximately 100 phone calls CPP placed to Plaintiff *after* he instructed CPP that his number was registered with the DNC List, as well as the numerous consumer complaints regarding similar unwanted telemarketing calls received from CPP, CPP does not maintain the proper standards – including written procedures, personnel training, recording of numbers not to be contacted, and access to the DNC List – required by 47 C.F.R. § 64.1200(c)(2)(i).

38.     CPP did not obtain the Plaintiff's or Class members' prior express invitation or permission, evidenced by a signed written agreement, to place these telemarketing calls to Plaintiff's and the Class members' residential telephones.

39.     Plaintiff and the Class members do not have a personal relationship with CPP.

40.     CPP and/or its agents placed unauthorized telephone calls to the telephone number of Plaintiff and the other Class members *en masse* without their prior express, written consent.

41.     CPP placed the calls, or had them placed on its behalf, using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

42.     CPP utilized equipment that placed the calls to Plaintiff and other Class members simultaneously and without human intervention.

43.     By placing the unauthorized calls to Plaintiff and the Class, CPP has violated 47 U.S.C. § 227(c)(5). As a result of CPP's unlawful conduct, the Class members suffered actual damages in the form of monies paid to their telephone carriers and under section 227(c)(5) are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.  Under that same subsection, Plaintiff and the Class are entitled to injunctive relief enjoining CPP from placing such unauthorized, illegal calls in the future.

44.     Should the Court determine that CPP's conduct was willful or knowing, the Court may, pursuant to section 227(c)(5), treble the amount of statutory damages recoverable by Plaintiff and the other Class members.

## VI.     JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims in this Complaint so triable.

## VII.     REQUEST FOR RELIEF

WHEREFORE, Plaintiff John Baker, individually and on behalf of the Class, requests that the Court enter an Order as follows:

A.      Certifying the Class as defined above, appointing Plaintiff John Baker as the representative of the Class, and appointing his counsel as Class Counsel;

B.      Awarding actual and statutory damages;

C.      Requiring Defendant Certified Payment Processing, L.P. to cease all unsolicited text message activities, and otherwise protecting the interests of the Class;

D.      Awarding of reasonable attorneys' fees and costs; and

E.      Awarding such other and further relief that the Court deems reasonable and just.

Dated: January 5, 2016                              Respectfully submitted,

                                                    JOHN BAKER, individually and on behalf of all others similarly situated


                                    By:     */s/ Kyle A. Shamberg*
                                            One of the Attorneys for Plaintiff
                                            And the Proposed Putative Class

Katrina Carroll
Kyle A. Shamberg
*kcarroll@litedepalma.com*
*kshamberg@litedepalma.com*
**LITE DEPALMA GREENBERG, LLC**
211 W. Wacker Drive
Suite 500
Chicago, Illinois 60606
312.750.1265

***Attorneys for Plaintiff and the Putative Class***