UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN BAKER, individually and on behalf of all others similarly situated, § § § | |
| Plaintiff, § § | |
| v. § | Civil Action No. 3:16-CV-03002-SEM-TSH |
| CERTIFIED PAYMENT PROCESSING, L.P. § § § | |
| Defendant. § § | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CERTIFIED
PAYMENT PROCESSING, L.P.'S MOTION TO DISMISS
AND ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT**

Defendant Certified Payment Processing, L.P. ("CPP") has moved to dismiss the Class Action Complaint filed by Plaintiff John Baker because the Complaint fails to state a claim against CPP; alternatively, CPP moves for a more definite statement to require Plaintiff to file an amended complaint disclosing the full telephone number at issue herein.

**PRELIMINARY STATEMENT**

The Telephone Consumer Protection Act (the "Act") protects the privacy rights of individual residential telephone subscribers by creating the foundation for the national Do Not Call Registry ("DNC List"). The DNC List allows residential telephone subscribers to register their telephone numbers for the DNC List and thus prevent calls from telemarketers. Plaintiff alleges that he registered his telephone number on the DNC List in 2007, thereby invoking the protections for "residential telephone subscribers" provided by the Act.

What Plaintiff fails to allege is that his telephone number is *solely* a residential telephone number. Indeed, Plaintiff never explicitly alleges that the telephone number at issue is a residential number.[1] This is for good reason as publicly-available documents demonstrate that Plaintiff actually uses – and advertises – the telephone number at issue for his *business*. The plain language of the Act, as well as the rules and regulations for the DNC List adopted by the Federal Communications Commission ("FCC") and the Federal Trade Commission ("FTC"), demonstrates that if a telephone line is being used for business purposes, it is not a "residential" line under the Act and its appearance on the DNC List is for naught. By holding the telephone number at issue out to his own customers (as well as to the world at large) as a business number, Plaintiff has forfeited his eligibility for the Act's protection, including but not limited to adding his telephone number to the DNC List.

Such a result also makes sense. People should not be allowed to trap unwary businesses making legitimate marketing calls to other businesses by publishing a "business number" and then subsequently claiming that the number at issue really is just a residential number subject to the DNC List, particularly when the applicable statutory penalties are so draconian. Consequently, Plaintiff's Class Action Complaint should be dismissed as a matter of law under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted because the do-not-call protections of the Act are inapplicable to telephone numbers used for business, even if that business is run from the business owner's home.

---

[1] The closest Plaintiff comes to such an allegation is in ¶ 38 of the Complaint, where he alleges that CPP placed calls "to Plaintiff's and the Class members' residential telephones," leaving one to wonder whether "residential" applies to just the "Class members'… telephones" or also to Plaintiff's telephone. *Compare* Complaint ¶ 38 *with* ¶ 13 ("Plaintiff has been a subscriber of the telephone number ending in 8391"), ¶ 14 ("Plaintiff's telephone number"), ¶ 17 ("Plaintiff's telephone number ending in 8391").

**STATEMENT OF FACTS**

The Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, and its accompanying rules and regulations, 47 C.F.R. § 64.1200(a)(2) (collectively, the "TCPA"), protect "residential telephone subscribers" from receiving unwanted solicitations on their residential telephone lines. With two exceptions that are inapplicable here, businesses are ***not*** protected by the TCPA. A plaintiff demonstrating that a business committed a violation of the TCPA is entitled to a minimum statutory penalty of $500.00 per violation. Here, Plaintiff alleges "approximately 100" violations and thus statutory damages for himself of $50,000 and that the total amount in controversy exceeds $5,000,000. *See* Complaint ¶¶ 6, 37, 43.

More specifically, Plaintiff alleges that CPP violated the TCPA by dialing his "telephone number ending in 8391." Complaint ¶ 13. Although Plaintiff purposefully did not identify the entire telephone number at issue, the number (217) 544-8391 in fact is registered to Plaintiff. Plaintiff contends that this number has been registered on the DNC List since 2007. *Id.* ¶ 3, 13.

CPP is a payment processing services company. Complaint ¶ 1. CPP calls merchants in an effort to have them sign up to utilize CPP's "payment processing products and services." *Id.* ¶¶ 1, 23. "CPP conducts its business operations, in part, through the website 'www.ccp-360.com.'" *Id.* ¶ 1; *see also* Exhibit A.[2] According to his own Complaint, then, Plaintiff effectively concedes that CPP's operations are directed at obtaining new clients from other businesses, not from consumers. *See also* Exhibit A at 1 (CPP provides "[s]olutions for every merchant's needs"); *id.* at 2 (CPP's products include "payment terminals," "24-hour merchant

---

[2] All exhibits referred to herein are attached to the Declaration of Jon G. Shepherd, attached hereto as Exhibit 1.

3

support"); *id.* at 3 (listing CPP's credit and debit card processing services).  After all, any "residential telephone subscriber" that is accepting credit or debit cards is running a business.

And it cannot be disputed that Plaintiff is using the number (217) 544-8391 for his business, Right Way Carpet.  The Better Business Bureau, whose website Plaintiff cites in his Complaint (at ¶ 1), lists Right Way Carpet's number as (217) 544-8391 and its owner as John Baker.  *See* Ex. B.  Similarly, Google lists Right Way Carpet Upholstery & Cleaning's telephone number as (217) 544-8391.  *See* Ex. C.  Plaintiff drives a van advertising his business and its number, 217-544-8391.  *See* Ex. D.  The Business Directory of Illinois lists Plaintiff as the owner of Right-Way Carpet and its telephone number as (217) 544-8391.  *See* Ex. E at 3.  Similarly, Yellowpages.com and Yellowbot.com both list Right-Way Carpet's number as (217) 544-8391 and contain a review identifying the business's owner as John Baker.  *See* Exs. F & G. Plaintiff's Facebook page contains an advertisement for Right Way noting that it is "Family Owned and Operated" and inviting consumers to "call John and Tammy" at (217) 544-8391.  *See* Ex. H.  Similarly, the Facebook page for Right Way Carpet & Upholstery lists its number as (217) 544-8391.  *See* Exhibit I.  Right Way also has placed at least three advertisements in the Decatur Herald & Review in 2014 and 2015 listing its telephone number as (217) 544-8391.  *See* Exhibits J (March 14, 2014), K (March 15, 2014) & L (April 12, 2015).  Plaintiff cannot reasonably dispute that he uses and advertises his "telephone number ending in 8391" for his business.

## ARGUMENT AND AUTHORITIES

**I.    Standard of Review**

For a complaint to survive a motion it dismiss, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers 'labels and conclusion' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). In other words, factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A defendant "should not be forced to undergo costly discovery unless the complaint contains enough detail, factual or argumentative, to indicate that the plaintiff has a substantial case." *Bissessur v. Ind. Univ. Bd. Of Trustees*, 581 F.3d 599, 603 (7th Cir. 2009).

II. **Plaintiff has failed to, and as a matter of law, cannot state a claim for relief under the TCPA with respect to his business line.**

The key question raised by Plaintiff's Complaint is whether Plaintiff can insulate his business telephone number from solicitation calls simply by adding it to the DNC List. As a matter of law, the answer to that question is a resounding "no": The TCPA does not apply to business lines.

Plaintiff may try to circumvent this clear point of law by arguing that the telephone number at issue is used for "mixed" purposes – i.e., for both business and residential use. CPP still submits, however, that even mixed use numbers are not eligible for protection under the TCPA as a matter of law.

A. **Business lines like the one at issue here receive no protection under the TCPA.**

The TCPA provides protection for business lines in only two circumstances. First, *cellular* telephones receive TCPA protection from receiving automated calls without regard to

5

whether they are used for residential or business purposes. *See* 47 U.S.C. § 227(b)(1)(A)(iii). Second, the TCPA prohibits the use of an automatic dialing system to simultaneously engage two or more telephone lines of a multi-line business. 47 U.S.C. § 227(b)(1)(D). Neither protection is implicated here. *See generally Mims v. Arrow Financial Servs., LLC*, 565 U.S. __, 132 S. Ct. 740, 745 (2012) (setting forth the four practices outlawed by the TCPA).

Plaintiff does not allege that his "telephone number ending in 8391" is used for a cellular device. Similarly, Plaintiff does not allege that CPP used an automatic dialing system to simultaneously engage two or more telephone lines of a multi-line business. As a result, neither protection provides a safe harbor for Plaintiff's deficient claim.

Accordingly, Plaintiff's business telephone number is not eligible for the DNC List or any other protection supplied by the TCPA. *See* 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2) ("No person or entity shall initiate any telephone solicitation to . . . [a] residential telephone subscriber who has registered his or her telephone number on the [NDNC list]"); *see also Mims*, 132 S. Ct. at 746 (TCPA directs FCC "to prescribe regulations to protect the privacy of residential telephone subscribers, possibly through the creation of a national 'do not call' system"); https://www.fcc.gov/consumers/guides/unwanted-telephone-marketing-calls (last visited Feb. 22, 2016) ("The national Do-Not-Call list protects home voice or personal wireless phone numbers only.").

> **B.    Any contention that Plaintiff's claim is saved because his telephone number is a "mixed use" number must result in the disconnection of his claim.**

In an attempt to save his claim, Plaintiff may argue that his telephone number is eligible for the DNC List and the accompanying TCPA protections because he uses it for both residential and business purposes. But such a mixed usage cannot convert a business number that is ineligible for TCPA protection into one that is. *See Bank v. Independence Energy Group LLC*,

6

2015 WL 4488070, *2 (E.D.N.Y. July 23, 2015) ("telephone number registered as residential with the telephone company" held out to the general public as a business line is not residential for purposes of the TCPA).  The plain language of the TCPA's DNC List protections – which apply only to the "telephone numbers of residential subscribers" and not businesses – thus precludes Plaintiff's claim.

Additionally, if there remains any doubt about what the TCPA protects pursuant to its plain language, the statute must be construed in conformity with its "dominating general purpose."  *SEC v. C.M. Joiner Leasing Corp.*, 320 U.S. 344, 350-51 (1943); *see also Dahlstrom v. Sun-Times Media, LLC*, 777 F.3d 937, 943 (7th Cir. 2015) ("As in any case of statutory construction, our analysis begins with the language of the statute. . . .  Interpretation of a word or phrase depends upon reading the whole statutory text, considering the purpose and context of the statute.").  Congress enacted the TCPA to "protect residential telephone subscribers' privacy rights."  47 U.S.C. § 227(c)(1); *see also Mims*, 132 S. Ct. at 744 (Congress enacted TCPA because of telemarketing calls to homes and private residences).  Thus, the TCPA provides myriad protections for residential telephone subscribers.  *See, e.g.,* 47 U.S.C. § 227(b)(1)(B) (prohibited "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party").  In contrast, business lines receive only the very limited protections discussed above.  Indeed, Congress specifically directed the FCC to consider whether to prescribe regulations providing additional protections for lines used by businesses, and the FCC has steadfastly concluded that businesses ***do not need*** such protections.  *See* 47 U.S.C. § 227(b)(2)(A); 47 C.F.R. § 64.1200(a); Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, 7 FCC Rcd. 8752, 8756 n.7 (Oct. 16, 1992) ("Based on the record and on the scope of the prohibitions . . . we adopt

today, we are not persuaded that additional prohibitions on prerecorded voice message calls to businesses are necessary at this time."); Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, 23 FCC Rcd. 9779, 9785 (June 17, 2008) ("As the Commission has previously stated, the National Do-Not-Call Registry applies to 'residential subscribers' and does not preclude calls to businesses.").

Similarly, when the FCC and the FTC jointly established the DNC List in 2003,[3] the FCC issued its Telemarketer Sales Rule (the "TSR"). The TSR generally prohibits solicitations to numbers that appear on the DNC List. *See* 16 C.F.R. § 310.4(b)(1)(iii)(B). However, the TSR specifically exempts from the do-not-call prohibition "[t]elephone calls between a telemarketer and *any business*." 16 C.F.R. § 310.6(b)(7) (emphasis added).[4] The FTC specifically stated that the business exemption to the DNC List encompassed calls to home businesses. *See* Telemarketing Sales Rule, 68 Fed. Reg. 4580-1, 4631 (Jan. 29, 2003) ("calls to home businesses would not be subject to the amended Rule's 'do-not-call' requirements"). It is not surprising that the FCC and the FTC agree that businesses are not eligible for the DNC List – indeed, it is the FTC that manages the DNC List. *Mims*, 132 S. Ct. at 746 n.3.

Moreover, that there is a difference between residential and business telephone numbers is only common sense. *See, e.g.*, *U.S. v. Levy*, 797 F.3d 558, 565 (8th Cir. 2015) ("business owner does not have a reasonable expectation of privacy in the portions of a business open to the public"); *Lesser v. Espy*, 34 F.3d 1301, 1305 (7th Cir. 1994) (expectation of privacy in

---

[3] *See* https://www.fcc.gov/consumers/guides/unwanted-telephone-marketing-calls (last visited February 22, 2016) ("In 2003, in an effort to increase consumer protection, the FCC helped establish the national Do-Not-Call list with the Federal Trade Commission").

[4] Business-to-business calls to induce the retail sale of nondurable office or cleaning supplies remain prohibited, 16 C.F.R. § 310.6(b)(7), but such conduct is neither alleged nor implicated here.

8

commercial property "different from, and indeed somewhat less than, the privacy expectation in one's home"); *U.S. v. Seinfeld*, 632 F. Supp. 622, 626 (E.D.N.Y. 1986) ("There is a lesser expectation of privacy in a business as compared to a home."). This exact fact was recognized by Congress during the passage of the TCPA. *See* 137 Cong. Rec. S16205 (Nov. 7, 1991) (statement of Sen. Hollings) (noting that because "[t]he Supreme Court has generally recognized that persons at work do not have the same level of privacy protection as is afforded to persons in their homes," Congress directed the FCC to determine whether to impose any restrictions on calls to business). The Supreme Court similarly recognized that the TCPA intended to permit "'legitimate [commercial] practices'" at the same time it sought to protect "'the privacy of individuals.'" *Mims*, 132 S. Ct. 751 (quoting 105 Stat. 2394, note following 47 U.S.C. § 227 (Congressional Findings)). It certainly is a legitimate commercial practice to call a number held out as a business line for business purposes, and calling a business line does not in any way impair the privacy interest of any individual.

Here, Plaintiff forfeited any protections that he may have had by holding out the number "ending in 8391" as the telephone number for his business. Plaintiff drives a rolling advertisement around town telling potential customers to call his business at that number. That same number is published on multiple web sites as the number to reach Plaintiff at his business. Plaintiff cannot dispute that he invites business calls on the line "ending in 8391." If Plaintiff opts to voluntarily use what allegedly may once have been a residential telephone number as his business number, Plaintiff also has opted out of the protections provided by the TCPA for residential numbers. To hold otherwise would allow Plaintiff, and any other telephone subscriber, to make a secret, unilateral, subjective decision that his advertised business line really

is just a residential line and then pursue statutory damages against anyone that unwittingly calls his business.

      **C.     The Court is entitled to take judicial notice of the exhibits listing Plaintiff's telephone number as the number for his business.**

In deciding a Rule 12(b)(6) motion, a court may consider facts in documents appended to or incorporated into the complaint by reference and to matters of which judicial notice may be taken. *See, e.g.*, *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019- 20 (7th Cir. 2013). Pursuant to Federal Rule of Evidence 201(b)(2), a court may take judicial notice of "a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

In support of its motion, CPP refers to documents that fall within these guidelines. For example, Plaintiff referred to CPP's website, www.cpp-360.com, and admitted that CPP "is a payment processing services company" in the very first paragraph of his Complaint. A picture of Plaintiff's van listing the number at issue as Right-Way's business number was found using Google Maps™. Plaintiff advertises his business (and telephone number) on his Facebook page, and that number is listed as a business number on numerous publicly-available websites. The Better Business Bureau website also lists the number at issue as the telephone number for Plaintiff's business, and Plaintiff cited to the BBB website entry for CPP in ¶ 1 of his Complaint. *See, e.g.*, *Rabb. v. East Camden & Highland R. Co.*, 2009 WL 960105, at *3 (W.D. La. Apr. 8, 2009) (taking judicial notice of website and that party advertises certain services); *Diaz-Barba v. Kismet Acquisition, LLC*, 2008 WL 4093802, at *4 (S.D. Cal. Sept. 3, 2008) (taking judicial notice of website and its contents); *Microsoft v. BED Comp. Co.*, 818 F. Supp. 1313, 1319 (C.D. Cal. 1992) (taking judicial notice of the existence of ads).

Indeed, unless Plaintiff affirmatively acknowledges using the telephone number at issue as his business number, CPP submits that not taking judicial notice of these materials allows Plaintiff to mislead the Court. Plaintiff should not be allowed to hold this number out to the general public as the telephone number for his business, then come to this Court alleging that the number actually is just his residential telephone number, particularly when the costs of defending a proposed class action are so great and the penalties for unwitting violations of the TCPA are so draconian.

### III. Plaintiff lacks standing to bring a claim for relief under the TCPA.

The TCPA provides a private right of action to a "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed" by the FCC. 47 U.S.C. § 227(c)(5).

As shown *supra*, CPP did not make any calls in violation of the regulations prescribed by the FCC because CPP called a business number, not a residential line. As a result, CPP's calls were not made "in violation of the regulations" and Plaintiff likewise did not receive any calls "in violation of the regulations." Accordingly, Plaintiff lacks standing to pursue any claims against CPP.

### IV. If Plaintiff is allowed to defeat CPP's Motion to Dismiss by not fully alleging the complete relevant telephone number, then CPP's Motion for a More Definite Statement should be granted.

Plaintiff may argue that CPP's Motion to Dismiss is improper because CPP cannot show that the telephone number that Plaintiff advertises as the number for his business – 217-544-8391 – is the same number as the one "ending in 8391" that is the subject of his Complaint. Should Plaintiff raise such an argument, CPP respectfully requests that the Court grant CPP's alternative Motion for a More Definite Statement pursuant to Rule 12(e) and direct Plaintiff to file an amended complaint setting forth the complete telephone number at issue. Requiring CPP to

defend a class action based upon Plaintiff's unilateral refusal to fully identify the telephone number that serves as the basis of his claim simply wastes CPP's resources and the Court's time, not to mention being fundamentally unfair to CPP.

## CONCLUSION

For the foregoing reasons, Certified Payment Processing, L.P. respectfully requests that the Court dismiss the Class Action Complaint by Plaintiff John Baker with prejudice. Alternatively, should Defendant's Motion to Dismiss and Motion for More Definite Statement be denied, limited discovery should be allowed only to determine whether the telephone line that is the subject of Plaintiff's Class Action Complaint is a "residential line" or whether Plaintiff in fact uses the telephone line at issue for business purposes.

Respectfully submitted,
**HOLLAND & KNIGHT LLP**

Of Counsel:

Jon G. Shepherd
HOLLAND & KNIGHT LLP
200 Crescent Court
Suite 1600
Dallas, TX  75201
*jon.shepherd@hklaw.com*

*/s/ Michael A. Grill*
**MICHAEL A. GRILL**
State Bar No. 6294284
michael.grill@hklaw.com
131 South Dearborn Street 30th Floor
Chicago, IL 60603
Telephone:    (312) 578-6644
Facsimile:    (312) 578-6666

**ATTORNEYS FOR DEFENDANT
CERTIFIED PAYMENT PROCESSING, L.P.**

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the above and foregoing instrument was served upon all counsel of record via the Court's CM/ECF system and via electronic mail on this 26th day of February, 2016.

> *Via Email*
> Katrina Carroll  *(kcaroll@litedepalma.com)*
> Kyle A. Shamberg *(kshamberg@litedepalma.com)*
> LITE DEPALMA GREENBERG, LLC
> 112 W. Wacker Dr., Suite 500
> Chicago, IL  60606
> *Counsel for Plaintiff*

 

> */s/ Michael A. Grill*
> Michael A. Grill