IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOHN BAKER, individually and on behalf of all others similarly situated, | ) ) ) | |
| | ) | Case No. 3:16-cv-03002 |
| Plaintiff, | ) ) | |
| v. | ) | Honorable Sue E. Myerscough |
| | ) | |
| CERTIFIED PAYMENT PROCESSING, L.P., | ) ) | Magistrate Tom Schanzle-Haskins |
| | ) | |
| Defendant. | | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT CERTIFIED PAYMENT PROCESSING, L.P.'S MOTION TO DISMISS AND ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT**

Plaintiff John Baker hereby opposes in its entirety the motion to dismiss filed by defendant Certified Payment Processing, L.P. ("CPP").  Plaintiff further submits that CPP's alternative motion for a more definite statement should be denied as moot, as Plaintiff acknowledges that the residential telephone number identified in his Complaint is the same number he uses for his home-based business, Right Way Carpet Cleaning.

### INTRODUCTION

In its motion to dismiss, CPP does not dispute that it placed unsolicited, unauthorized calls to Plaintiff's telephone without his prior express written consent.  It also does not dispute that Plaintiff's telephone number ending in 8391 was registered on the national do-not-call registry of persons who do not wish to receive telephone solicitations at the time of each of these unauthorized calls.

The only argument CPP makes is that Plaintiff is not entitled to the TCPA's protection against unwanted and harassing solicitation calls because he also uses his residential telephone

404975.1

line for his home-based carpet cleaning business.[1]  But this position conflates the jurisprudence of two independent statutory schemes – the Telephone Sale Rule promulgated by the FTC (the "TSR") under the Consumer Fraud and Abuse Prevention Act, 16 C.F.R. § 310.1, *et seq.*, and the separate rule promulgated by the FCC (the "FCC Rule") under the TCPA, 47 C.F.R. § 64.1200, *et seq.* – ignoring the fact that the FCC has specifically declined to exempt residential telephone numbers also used for home-based businesses from the FCC Rule and, by extension, the TCPA. Several courts have recognized this distinction.

Application of the FCC Rule is particularly appropriate here given CPP's interminable harassment of Plaintiff (and absent class members).  As Plaintiff alleges, and CPP does not dispute, CPP called Plaintiff's residential telephone number dozens and dozens and dozens of times over the course of several months, often two or even three times per day, despite the fact that Plaintiff repeatedly asked to stop receiving the calls and had his number registered with the national do-not-call registry.[2]  Then, a CPP representative *came to Plaintiff's home* to try to sell him on these same products and services that Plaintiff had already stated he did not want.  CPP's claim that these invasive calls and home visits are "legitimate commercial practice[s]," Db9, is dubious to say the least.  Its motion should be denied.

## ARGUMENT

**I.      The TSR and the FCC Rule Are Not**

Plaintiff's Complaint alleges violations of the TCPA and the FCC Rule.  Complaint, ¶¶

---

[1] CPP suggests that Plaintiff's telephone number ending in 8391 may not be a residential line because Plaintiff does not explicitly allege so in his Complaint. *See* CPP's Brief ("Db") at 2 and n.1.  This is not an intended obfuscation on Plaintiff's part: the number is a residential telephone number and, should the Court so require, Plaintiff will amend his Complaint to make that clear.
[2] Had CPP complied with 47 C.F.R. § 64.1200(c)(2)(i), it would have been aware that Plaintiff's residential telephone number had been registered with the do-not-call registry since October 2007. Complaint, ¶ 13.

33-44.  It does *not* allege violations of the TSR.  This Court has previously highlighted the substance of these different rules at length, and Plaintiff will not reiterate that discussion here. *See United States v. Dish Network LLC,* 75 F. Supp. 3d 916, 920-26 (C.D. Ill. 2014).

Critically, the TSR and the FCC Rule are not one and the same: they are distinct regulations implemented by distinct federal agencies.  For example, the TSR "does not state that a seller or telemarketer must maintain an internal do-not-call list; the TSR only requires such a list if the seller or telemarketer wants to comply with the safe harbor defense. 16 C.F.R. § 310.4(b)(3).  The FCC Rule, however, requires telemarketers to maintain internal do-not-call lists. 47 C.F.R. § 64.1200(d)." *United States v. Dish Network, LLC*, 75 F. Supp. 3d 942, 1015 n.22 (C.D. Ill. 2014).[3]

This is not the only divergence.  The TSR requires that a pre-recorded message be played in the case of an abandoned call and that the message include both the name and number of the seller on whose behalf the call was placed.[4]  The FCC Rule requires, in addition, that the recorded message state that the call is for "telemarketing purposes."[5]  Both rules provide a safe harbor for abandoned calls – calls answered by a live person where no operator comes to the phone within two seconds.[6]  However, the FCC calculates the safe harbor over a thirty-day period, while the TSR calculates the safe harbor on a daily basis for each calling campaign.[7]  The TSR also includes a number of specific disclosures before a transaction is completed.[8] The FCC Rule, unlike the TSR, has specific limitations on the use of faxes and automatic dialing

---

[3] As Plaintiff instructed CPP not to call him again on the first or second call he received, CPP's repeated pestering violated the plain language of 47 C.F.R. §64.1200(d)(7).
[4] TSR, § 310.4(b)(4)(iii).
[5] FCC Rule, § 64.1200(a)(6).
[6] TSR, § 310.4(b)(4)(i); FCC Rule, § 64.1200(a)(6).
[7] FCC Rule, § 64.1200(a)(6); TSR, § 310.4(b)(4)(i).
[8] TSR, § 310.3(a)(1).

equipment that leaves prerecorded messages.[9]

Thus, though the rules certainly overlap in several areas and are designed to regulate similar conduct, the verbiage of and policy behind the TSR cannot be broadly imputed to the FCC Rule, or vice versa. Yet this is exactly what CPP attempts to do here. *See* Db8 ("the **TSR** specifically exempts from the do-not-call prohibition '[t]elephone calls between a telemarketer and *any business*.' 16 C.F.R. § 310.6(b)(7) (emphasis added). The **FTC** specifically stated that the business exemption to the DNC List encompassed calls to home businesses") (underlined-bold emphasis added).[10] The conduct the TSR regulates is irrelevant for purposes of this lawsuit.

## II.     The FCC Rule Applies to Home-Based Businesses

In 2005, the FCC expressly "decline[d] to exempt from the do-not-call rules those calls made to 'home-based businesses.'" 20 FCC Rcd 3788, 2005 FCC LEXIS 1158, at *15 (February 18, 2005) (the "Opinion"). Rather, the FCC stated that it would "review such calls as they are brought to our attention to determine whether or not the call was made to a residential subscriber." *Id.* Accordingly, the Court – or, more appropriately, the jury – must look to the specific circumstances of this case to determine whether the exemption applies.[11]

Much of CPP's argument and cited legal authority is therefore beside the point, as it deals strictly with numbers used *solely* for business purposes. Db7-9. In fact, CPP cites only one case dealing with a "mixed-use" number, *Bank v. Independence Energy Group LLC*, 2015 U.S. Dist. LEXIS 96532 (E.D.N.Y. July 23, 2015). In *Bank*, however, the Court did not rely upon, or even address, the FCC Rule or its Opinion regarding home-based businesses. *See generally id*. This

---

[9] FCC Rule, § 64.1200(a)(2)–(3).

[10] CPP incorrectly states that the FCC, not the FTC, issued the TSR. Db8.

[11] The Google Maps image CPP submits as Exhibit C in support of its motion to dismiss (should the Court even consider it, as discussed further below) confirms that Plaintiff operates his carpet cleaning business out of his home: the address for Right Way is the same as Plaintiff's home address, and the image plainly depicts a residence.

is because the plaintiff did not allege that his number was registered with the do-not-call registry, asserting a violation of subsection (a)(2) of the FCC Rule rather than subsection (c)(2) as Plaintiff does here. *Compare* 47 C.F.R. 64.1200(a)(2) (prohibiting "any telephone call that includes or introduces an advertisement or constitutes telemarketing, using an automatic telephone dialing system or an artificial or prerecorded voice, to any of the lines or telephone numbers described in paragraphs (a)(1)(i) through (iii) of this section") *with* (c)(2) (prohibiting any "telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government"); *see also Bank v. Independence Energy Group LLC*, Docket No. 1:12-cv-1369 (E.D.N.Y. 2012) at ECF Doc. 1 (Plaintiff's Class Action Complaint), attached hereto as **Exhibit 1** (no allegations of do-not-call registration). Because *Bank* did not implicate any do-not-call provisions, the FCC's Opinion regarding home-based businesses did not apply.

In any event, Plaintiff contends that Judge Gleeson's finding in *Bank* – at the summary judgment stage – that Plaintiff's mixed-use number was a business number exempted from the TCPA as a matter of law was error. Indeed, other federal courts, dealing specifically with the concept of home-based businesses, have reached the opposite conclusion. *See, e.g., Southwell v. Mortg. Inv'rs Corp. of Ohio,* 2014 U.S. Dist. LEXIS 113314, at *7-8 (W.D. Wash. Aug. 14, 2014) ("Defendant argues the TCPA is restricted to calls made to a 'residential telephone subscriber,' 47 C.F.R. § 64.1200, and that since Southwell uses his cellular phone 'in connection with his business,' the TCPA does not apply. The only case law Defendant cites is *Primavera v. Drexen*, No. 080922890, 2009 WL 3554582 (Utah D.C. Oct 26, 2009), an unpublished state court case of no precedential value. Plaintiff disputes that Southwell's farm and sale of sheep to

friends constitutes a business, and furthermore points out the FCC has 'decline[d] to exempt from the do-not-call rules those calls made to home-based businesses.' Plaintiff is correct that Southwell is a 'residential telephone subscriber' under the TCPA") (internal statutory citations omitted). *Southwell*, like *Bank*, was decided at summary judgment, not at the pleadings stage.

Even more on point is *Clauss v. Legend Secs., Inc.*, 2014 U.S. Dist. LEXIS 184286, at *6-7 (S.D. Iowa Sep. 8, 2014). In *Clauss*, again a summary judgment decision, the plaintiff was an attorney running a legal practice out of his home. *Id.* at *4. The plaintiff had listed the number "in his capacity as an attorney on several court filings in unrelated cases." *Id.* In addition, articles of incorporation plaintiff filed with the Iowa Secretary of State for his business, Enerpower, LLC, included plaintiff as its registered agent and his home address as its registered office, and several websites maintaining a listing for his business identified his home telephone line as Enerpower's business telephone number. *Id.*

Nevertheless, Judge Garvey found that there were material questions of fact and law as to whether Plaintiff's number qualified as a residential telephone number, rendering summary judgment inappropriate. Citing the FCC Rule and Opinion discussed above, Judge Garvey explained:

> The parties dispute whether Plaintiff's number was a business number at the time Plaintiff received these calls . . . . Here, there is evidence supporting both the contention that Plaintiff's phone number was a residential phone number and that the phone number was a business phone number. *In fact, based on the evidence before the Court, a jury could reasonably conclude that Plaintiff's phone number was simultaneously a residential and business phone, or the number for a home-based business*. Whether Plaintiff's phone number was a business number at the time Plaintiff received these calls is a disputed issue of material fact . . . . Here, Defendant's liability hinges on whether Plaintiff's business number and therefore exempt [*sic*.] from the Do Not Call restrictions. The law in question is inapplicable if Defendant was calling Plaintiff at his business phone number. Whether this phone

>number was a business number at the time the calls were made is therefore a disputed genuine issue of material fact.

*Id.* at \*6-7 (emphasis added).

Here, while Plaintiff does not contend, as the plaintiff did in *Clauss*, that he does not also use his residential telephone line for business purposes, he *does* contend that the number is "simultaneously a residential and business phone," or that it is "the number for a home-based business." *Id.* No discovery on this issue – aside from the unauthenticated contents of a few websites of which CPP asks the Court to take judicial notice – has taken place. There is no record evidence demonstrating, for instance, the extent to which Plaintiff utilizes the 8391 number for residential compared to business purposes. Absent such discovery, any determination as to whether the FCC's home-based business exception applies is premature. *Clauss*, 2014 U.S. Dist. LEXIS 184286, at \*7.

As a result, CPP's motion to dismiss under Fed. R. Civ. P. 12(b)(6) should be denied. CPP's related argument – that Plaintiff lacks standing to bring a claim under the TCPA – relies on the same misapplication of the TSR and failure to acknowledge the import of the FCC Rule and Opinion, and should be rejected for the same reasons.

### III. CPP's Request for Judicial Notice and Alternative Motion for a More Definite Statement

Plaintiff does not agree with CPP that the documents, all *non-governmental* websites, of which it asks the Court to take judicial notice consist entirely of facts whose accuracy cannot reasonably be questioned. *See, e.g., Ananias v. Stratton, No.* 2012 U.S. Dist. LEXIS 57817, at \*6 (C.D. Ill. Apr. 23, 2012) ("The court may take judicial notice of the information on a *government* website, because it is 'not subject to reasonable dispute' and is 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned'")

(emphasis added) (quoting *Brown v. Northwestern University,* 2011 U.S. Dist. LEXIS 140750 (N.D. Ill. 2011)); *Hill v. Capital One Bank (USA), N.A.*, 2015 U.S. Dist. LEXIS 12342, at *14-15 (N.D. Ill. Feb. 3, 2015) ("While courts in this District have taken judicial notice of website printouts that originate from government or agency websites, they have rejected requests for judicial notice of website printouts where the party has failed to "explain why [the website] materials are the appropriate subjects of judicial notice, *i.e.*, that they are matters of public record, or generally know[n], or come from sources whose accuracy cannot reasonably be questioned") (internal quotations omitted); *Mussat v. Power Liens, LLC*, 2014 U.S. Dist. LEXIS 98831, at *7 (N.D. Ill. July 21, 2014) ("a court is not required to take judicial notice of a website's content"); *Felty v. Driver Solutions, LLC*, 2013 U.S. Dist. LEXIS 155457, 2013 WL 5835712, at *3 (N.D. Ill. Oct. 30, 2013) ("Due to the evolving nature of websites, this Court is neither required nor inclined to take judicial notice of any website material at this time"). These materials are therefore not the proper subject of judicial notice, and CPP's request should be rejected for this reason alone.

CPP also attempts to twist the content of Plaintiff's complaint to broaden the universe of materials upon which the Court may rely. When it considers a motion to dismiss, a district court accepts all well-pled allegations as true and limits its review to the four corners of the complaint. *Gomez v. Illinois State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987). Courts will typically not consider any additional documentary evidence submitted in support of a motion to dismiss. *See, e.g., Keystone Nissan Co. v. Rosen Motors*, 1993 U.S. Dist. LEXIS 14659, at *2 n.1 (N.D. Ill. October 18, 1993) ("Rosen has submitted an affidavit in support of its motion to dismiss, with which it seeks to contradict material statements of fact alleged in Keystone's complaint. However, at this stage of litigation, the Court will not weigh the validity of the allegations by

Keystone, nor will it consider evidence outside of the pleadings"). Indeed, "[t]he Court should not use judicial notice to generate an evidentiary record and then weigh evidence – which plaintiffs have not had the opportunity to challenge – to dismiss plaintiffs['] complaint." *In re Network Equip. Techs., Inc. Litig.*, 762 F. Supp. 1359, 1363 (N.D. Cal. 1991).

Here, CPP argues that because Plaintiff cited to its Better Business Bureau webpage in his Complaint, CPP may cite to, rely upon, and have the Court judicially notice the BBB webpage for Right Way, an entirely different webpage for an entirely different business. This goes well beyond the four corners of the Complaint, as do the screenshots from Google Maps and Facebook that CPP submits, neither of which are referenced in the Complaint. Thus, even setting aside the question of whether judicial notice of these documents is appropriate, the documents are simply outside the scope of Plaintiff's allegations and should not be considered.

The Court should therefore decline to take judicial notice of CPP's exhibits. However, assuming, *arguendo*, that the Court is inclined to do so, and to consider them on their face, they are are wholly insufficient to establish CPP's right to dismissal, as they actually support the fact that Right Way is a home-based business and simply do not speak to whether Plaintiff's home telephone number is used simultaneously as a residential and business line (it is). The facts underpinning these legal issues can only be fully addressed through discovery, and are not appropriate for resolution at the pleadings stage.

Finally, because Plaintiff does not dispute that the 8391 number identified as his residential telephone number in the Complaint is the same number associated with Right Way, CPP's motion for a more definite statement should be denied as moot.

## CONCLUSION

Based on the above, Plaintiff respectfully requests that the Court deny CPP's motion to dismiss for failure to state of claim and lack of standing in its entirety, decline to take judicial notice of the documents CPP has attached to its motion to dismiss, and deny its alternative motion for a more definite statement as moot.

Dated: March 21, 2016                                             Respectfully submitted,

                                                                  JOHN BAKER, individually and on behalf
                                                                  of all others similarly situated


                                                     By:    */s/ Kyle A. Shamberg*

Katrina Carroll
Kyle A. Shamberg
*kcarroll@litedepalma.com*
*kshamberg@litedepalma.com*
**LITE DEPALMA GREENBERG, LLC**
211 W. Wacker Drive
Suite 500
Chicago, Illinois 60606
312.750.1265

*Attorneys for Plaintiff and the Putative Class*