IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **JOHN BAKER, individually and on behalf of all others similarly situated,**   )<br>)<br>)<br>)<br>**Plaintiff,**   )<br>)<br>**v.**   )<br>)<br>**CERTIFIED PAYMENT PROCESSING, L.P.,**   )<br>)<br>)<br>**Defendant.**   )  | No. 16-cv-03002 |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on the Motion to Dismiss and Alternative Motion for More Definite Statement (d/e 6) filed by Defendant Certified Payment Processing, L.P.  Because Plaintiff John Baker has sufficiently alleged a violation of the Telephone Consumer Protection Act, the Motion is DENIED.

### I. BACKGROUND

In January 2016, Plaintiff filed a Class Action Complaint alleging that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (TCPA), by making

unauthorized calls to Plaintiff and others.  The Complaint contains the following allegations.

Defendant is a payment processing services company. Compl. ¶ 1.  To sell its payment processing products and services, Defendant placed unauthorized calls to Plaintiff and the members of the Class without prior express written consent in violation of the TCPA.  Id. ¶¶ 2, 12, 23.  At all relevant times, Plaintiff's and the Class members' telephone numbers were registered with the National Do Not Call Registry.  Id. ¶¶ 3, 24.  Plaintiff seeks an injunction, an award of statutory damages, reasonable attorney's fees, and costs.  Id. ¶ 5.

As for himself, Plaintiff alleges that he has been a subscriber of a telephone number ending in 8391 since at least 2007 and registered that number on the Do Not Call List on October 23, 2007.  Compl. ¶ 13.  Plaintiff alleges that, from June 2015 until the filing of the Class Action Complaint, Defendant placed approximately 100 phone calls to Plaintiff's telephone number in an attempt to market and promote Defendant's payment processing products and services.  Id. ¶ 14.

Plaintiff also seeks to bring the action on behalf of a class defined as follows:

> All individuals and entities in the United States who, within a 12-month period, received two or more telemarketing phone calls from or on behalf of Defendant Certified Payment Process, L.P., soliciting its products and services at a time when the called number was registered on the National Do Not Call Registry. Excluded from the Class are Defendant and its subsidiaries and affiliates; all persons who make a timely election to be excluded from the Class; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.

Id. ¶ 25.

On February 26, 2016, Defendant filed its Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) and, in the alternative, a Motion for More Definite Statement pursuant to Federal Rule of Civil Procedure 12(e).

## II. LEGAL STANDARD

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. Christensen v. Cnty. of Boone, 483 F.3d 454, 458 (7th Cir. 2007). To state a claim for relief, a plaintiff need only provide a short and plain statement of the claim showing he is entitled to relief and giving the defendant fair notice of the claims. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008).

When considering a motion to dismiss under Rule 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, accepting all well-pleaded allegations as true and construing all reasonable inferences in his favor. Id. However, the complaint must set forth facts that plausibly demonstrate a claim for relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007). Plausibility means alleging factual content that allows the Court to reasonably infer that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Merely reciting the elements of a cause of action or supporting claims with conclusory statements is insufficient to state a cause of action. Id.

Federal Rule of Civil Procedure 12(e) provides that a party may move for a more definite statement if the pleading to which a responsive pleading is allowed "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed.R.Civ.P. 12(e). A motion under Rule 12(e) is appropriate where a "pleading fails to specify the allegations in a manner that provides sufficient notice." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513 (2002).

### III. THE TCPA

The TCPA authorized the Federal Communications Commission (FCC) to promulgate regulations "to protect residential telephone subscriber's privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c). The FCC promulgated a rule which provides, among other things, that "[no] person or entity shall initiate any telephone solicitation to: . . . [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry" (subject to certain exceptions not applicable in this case). 47 C.F.R. § 64.1200(c)(2). A person who receives more than one telephone call within any 12-month period by an entity in violation of the regulations may bring a private cause of action. 47 U.S.C. § 227(c)(5).

### IV. ANALYSIS

In the Motion to Dismiss, Defendant argues that Plaintiff fails to state a claim because Plaintiff's telephone number is not a residential number protected by the TCPA but is a non-wireless business number. Defendant further argues that, even if Plaintiff uses the telephone number for both residential and business

purposes, "such a mixed usage cannot convert a business number that is ineligible for TCPA protection into one that is." Def. Mem. at 6.  Defendant asks the Court to take judicial notice of screenshots from various websites listing Plaintiff's telephone number as the number for Plaintiff's business, Right Way.  Alternatively, Defendant asserts that Plaintiff should be required to file an amended complaint specifically detailing the full and complete telephone number Plaintiff alleges Defendant called.

    Addressing the last issue first, the Court notes that Plaintiff has provided the full telephone number in response to Defendant's Motion to Dismiss and indicated that the number is a residential number and is used as the number for Plaintiff's home-based carpet cleaning business.  See Resp. at 2 n.2, at 7.  The Court may consider additional facts alleged in the response to a motion to dismiss if the facts are consistent with the allegations of the complaint.  See, e.g., Smith v. Dart, 803 F.3d 304, 311 (7th Cir. 2015) (considering the facts alleged by the pro se plaintiff in letters filed after the defendant filed a motion to dismiss); Early v. Banks Life & Cas. Co., 959 F.2d 75, 79 (7th Cir. 1992) (noting that "a plaintiff is free, in defending against a motion to dismiss, to allege

without evidentiary support any facts he pleases that are consistent with the complaint, in order to show that there is a state of facts within the scope of the complaint that if proved . . . would entitle him to judgment"). Therefore, because these facts are consistent with the Complaint, the Court will consider them. As such, the request for a more definite statement is denied as moot.

Defendant, in support of its Motion to Dismiss, asks the Court to take judicial notice of several documents. These documents include pages from various websites showing Plaintiff's telephone number as the telephone number for Plaintiff's business, Right Way.

This Court may take judicial notice of matters of public record in ruling on a motion to dismiss under Rule 12(b)(6) without converting the motion into a motion for summary judgment. See White v. Keely, 814 F.3d 883, 885 n.2 (7th Cir. 2016); Ennenga v. Starns, 677 F.3d 766, 773 (7th Cir. 2012). However, the Court finds it unnecessary to do so because Plaintiff admits that his telephone number is used both as his residential telephone

number and the telephone number for his home-based business. See Pl.'s Resp. at 2 n.1, 7, 9,

Nonetheless, this admission does not resolve the issue. The FCC has declined to exempt home-based businesses from the do-not call rules, stating:

> We also decline to exempt from the do-not-call rules those calls made to "home-based businesses"; rather, we will review such calls as they are brought to our attention to determine whether or not the call was made to a residential subscriber.

Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991, 20 FCC Rcd. 3788, 3793 (2005), 70 Fed. Reg. 19,330, 19,331 (April 13, 2005); see also, e.g., Bank v. Independence Energy Group LLC, No. 12-cv-1369 (E.D. N.Y. Oct. 2, 2014) (denying motion to dismiss, noting that whether the plaintiff's phone number was used for the plaintiff's business could not be resolved without some limited discovery); Southwell v Mortg. Investors Corp. of Ohio, Inc., No. C13-1289, 2014 WL 4057166, at *3 (Aug. 14, 2014) (denying summary judgment and finding that the putative class representative, Southwell, was a residential telephone subscriber; the plaintiff argued that Southwell's farm and sale of sheep to friends did not constitute a business and that

the FCC declined to exempt from the do-not-call rules calls made to home-based businesses). On a motion to dismiss, the Court must accept all well-pleaded allegations as true and construe all reasonable inferences in Plaintiff's favor. See Tamayo, 526 F.3d at 1081. Construing all reasonable inferences in favor of Plaintiff, Plaintiff has alleged a TCPA claim by alleging that Defendant made calls to Plaintiff's residential number that is registered on the National Do Not Call Registry.

## V. CONCLUSION

For the reasons stated, Defendant's Motion to Dismiss and Alternative Motion for More Definite Statement (d/e 6) is DENIED. Defendant shall file an Answer on or before July 7, 2016.

**ENTER: June 16, 2016**

**FOR THE COURT:**

    <u>s/Sue E. Myerscough</u>
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**